# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-2500

_____

Changshan Li, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

New Asia Chinese Restaurant Wan Da Inc., doing business as New Asia, doing business as New Asia Chinese Restaurant, doing business as New Asia Express Restaurant, doing business as New Asia Express

*Defendant*

Hong Sheng Lin

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 4, 2026
Filed: June 15, 2026
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this wage-and-hour action, Changshan Li appeals following the district court's adverse judgment concluding that, as a delivery driver, he was an independent contractor and thus not protected by the relevant labor laws. Upon careful review, we conclude that reversal is warranted. *See Karlson v. Action Process Serv. & Priv. Investigations, LLC*, 860 F.3d 1089, 1093 (8th Cir. 2017) (reviewing legal question whether individual was employee or independent contractor de novo, and reviewing fact findings as to nature of relationship for clear error).

We have reviewed the economic realities factors, and we conclude that they weigh in favor of finding Li was an employee. *See Walsh v. Alpha & Omega USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022) (assuming, without deciding, that 6-factor economic realities test is appropriate test of employment under Fair Labor Standards Act (FLSA)); *see also Alexander v. Avera St. Luke's Hosp.*, 768 F.3d 756, 763 (8th Cir. 2014) (noting Supreme Court has construed FLSA's broad definition of employee to include individuals who, as a matter of economic reality, are dependent upon the business to which they render service). Notably, in addition to the factors that the district court found favored employee status, we conclude that delivery service in general was integral to the business, *see Walsh*, 39 F.4th at 1085; Li's investment in his delivery vehicle was not significant in comparison to the employer's overall investment, *see Keller v. Miri Microsystems LLC*, 781 F.3d 799, 810 (6th Cir. 2015); and the employer had some control over the way Li performed his work, as it set his pay and delivery locations, and Li worked 6 days per week and was on-call to make deliveries, *see McFeeley v. Jackson Street Ent., LLC*, 825 F.3d 235, 241-42 (4th Cir. 2016); *Herman v. Express Sixty-Minutes Delivery Serv.*, 161 F.3d 299, 303 (5th Cir. 1998). Given our conclusion that Li was an employee, we also conclude that there was no good cause to set aside the entry of default against the corporate defendant. *See Johnson v. Leonard*, 929 F.3d 569, 573-74 (8th Cir. 2019) (reviewing decision to set aside entry of default for abuse of discretion).

-2-

Accordingly, we reverse the judgment of the district court and remand the case for further proceedings.

_____